IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN L. PIERCE<br><br>    Plaintiff,<br><br>v.<br><br>DELAWARE RIVER AND BAY AUTHORITY; CITY OF DOVER, POLICE ACADEMY; and WILLIE JOHNSON, individually,<br><br>    Defendants. | Civil Action No. 24-679-RGA |

## MEMORANDUM ORDER

I write separately to address a note in the Delaware River and Bay Authority's ("DRBA") reply brief (D.I. 60):

> DRBA notes that Plaintiff has failed to follow the District of Delaware's Local Rules of Civil Procedure as it pertains to briefing. For instance, Plaintiff puts entire sections (i.e., Summary Judgment Standard) in a footnote, all of which are significantly smaller than the requisite 12-point font size. [Local Rule 5.1.1(a)]. It is DRBA's position that Plaintiff's effort to circumvent the page limit, despite being granted an additional ten (10) pages *for each answering brief*, is improper, and respectfully requests the Court address this matter as it deems appropriate.

(D.I. 60 at 1-2 n. 2). It appears that the DRBA has a point. Substantial portions of Plaintiff's briefing in both answering briefs are located in massive, single-spaced footnotes written in what appears to be less than or equal to ten-point font. As the DRBA correctly notes, Plaintiff at one point even inserts an entire section of his brief into a footnote. (D.I. 55 at 17, D.I. 56 at 16).

I had granted Plaintiff's motion for leave to file an additional ten pages in each answering brief, a motion which both Defendants had opposed. (D.I. 54 at 3). I had

1

granted Plaintiff leave to file additional pages in part because Plaintiff attested that in addition to addressing various ADA and ADEA claims, Plaintiff would need to address his claims for "retaliation under the First Amendment and Defamation under 42 *U.S.C.* § 1983 and state law." (*Id.* at 2). Plaintiff dropped these three claims in his answering briefs. It appears that Plaintiff wrote briefs well in excess of what the Local Rules and my order allowing ten additional pages would permit. Plaintiff appears to have impermissibly expanded the space allotted for argument. I note that Defendants adhered to the local rules in their briefing.

    Plaintiff's counsel is ordered to submit a written explanation within five (5) days as to the rationale behind their conduct. Assuming that there is no adequate explanation, Plaintiff's counsel should suggest what they would consider to be an adequate sanction.

    IT IS SO ORDERED.

Entered this 17th day of February, 2026

/s/ Richard G. Andrews
United States District Judge