**LaRosa & Associates**
1225 King Street, Suite 802
Wilmington, Delaware 19801-3246

Phone: (302) 888-1290
Fax:   (302) 655-9329

Licensed in DE, PA, and NJ
Internet: www.LaRosaLaw.com

February 19, 2026

The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

RE:   **Pierce v. Delaware River and Bay Authority et al.**
      **C.A. No. 24-679-RGA (D.Del. 2024)**
      **Plaintiff's Counsel's Joint Letter of Explanation for Summary Judgment Briefs**

Dear Judge Andrews:

In response to this Honorable Court's Memorandum Order of February 17, 2026 (D.I. 65), this is Plaintiff's counsel's written explanation of the rationale for submission of their summary judgment answering briefs which were not compliant with the Court's Local Rules.

I.   **Statement of Timothy S. Seiler, Esquire (Drafter)**

First, after review, the Undersigned respectfully acknowledges that Plaintiff's brief was, in fact, out of compliance with the District of Delaware's Local Rules of Civil Procedure; specifically Local Rules 5.1.1(a) and 7.1.3(2). Although these Rules specify that all printed font must appear in at least 12-point type, admittedly, Plaintiff's footnotes appear in 10-point type. While it is certainly no excuse, the Undersigned Counsel predominantly practices in the Eastern District of Pennsylvania, which does not have such a requirement for footnotes in briefing in its Local Rules, with such requirements only typically being set out in individual Judges' procedures or scheduling orders. While these were reviewed, the Undersigned Counsel should have sufficiently double or triple checked this Court's Local Rules for such a requirement. Unfortunately, in completing responsive briefing in this matter, the Undersigned Counsel did not realize this requirement set out by the District of Delaware and failed to apply the same to his briefing.

I sincerely apologize to the Court, the parties, and counsel for this error. This lack of compliance was certainly not an intentional deviation from the Court's policies and was by no means an attempt to gain any sort of strategic advantage. In addition, when Plaintiff requested an extension of the page limit, which was filed two (2) days after the filing of Defendants' briefing and review of the same, the undersigned had not yet made the decision to dismiss some of his claims and only did so thereafter following significant research and discussion with his client. At the time he filed his brief, although Plaintiff chose not to proceed with every one of his claims, the Undersigned Counsel wholeheartedly believed that he was filing his brief in compliance with the Court's Rules.

### A. Adequate Sanction

As for the Court's course of action in response to the Undersigned Counsel's failure to comply with the Local Rules, the Undersigned Counsel respectfully submits that the Court's public filing admonishing him for the lack of compliance and requiring that he submit the instant explanation, and the embarrassment associated with the same, is a sufficient penalty for the wrongdoing. Through twelve (12) years of practice, the Undersigned Counsel has never been sanctioned, as he prides himself on his deference to the Court, the Court's Rules, and his reputation in professionally complying with the same. His error in failing to adequately do so in this matter, and the associated questioning of his intentions in doing so, are *very* disconcerting to him. Although Defendants appear not to have suffered any prejudice as a result of the error given the dismissal of each of Plaintiff's claims that were addressed in Defendants' briefs, the importance of such rules and the seriousness of deviation from the same is not taken lightly. While the mistake cannot be undone at this point, it is certainly deeply regretted, and the Undersigned Counsel respectfully submits that such an error will not occur moving forward.

### II. Statement of John M. LaRosa, Esquire (Filer)

By way of background, Plaintiff's local counsel was provided the rough drafts of Plaintiff's two (2) summary judgment answering briefs along with nineteen (19) exhibits at 12:56 p.m. Eastern on Friday, July 18, 2026. Ex. A. Both briefs were due to be filed by 5 p.m. on that date. Ex. B. He had a duty to his client to finalize and file the two (2) briefs and nineteen (19) exhibits in four (4) hours and four (4) minutes to meet the 5:00 p.m. deadline.

However, the briefs and exhibits as provided to local counsel were not in final form and contained at least fourteen (14) formatting issues requiring undersigned counsel to separate two (2) combined documents into six (6) filings (two briefs, two proposed orders, and two certificates of service); correct romanette pagination, correct the tables of contents and authorities, and add e-signatures. *See* Exs. C and D. So, local counsel worked rapidly to correct the most obvious formatting issues discovered to try to timely file the briefs. *See* Ex. E. However, counsel was unable to catch and correct all of the issues in the time allotted. In so doing, he did not seek to circumvent or intentionally violate the rules. He merely sought to fulfill his duty to his client to try to meet the filing deadlines and avoid failing to respond to the case dispositive motions altogether.

By the time all of these formatting defects were caught and corrected, the 5:00 p.m. deadlines for both briefs had arrived. So, Plaintiff's local counsel turned his attention to filing the work product in its then current format. The briefs were e-filed shortly after the 5 p.m. deadlines. Any and all defects that were caught and fixed do not excuse defects that were not caught. However, they served to consume local counsel's allotted time to try to meet the deadlines, (*see* Ex. F), and to distract his attention from the additional errors that he did not correct in rushing to complete and file the briefs by the same-day deadlines of July 18, 2025.

Specifically, undersigned counsel did not catch and correct the font size of the footnotes which violated Local Rule 7.1.3(2)'s requirement of 12-point font. Nor did counsel recognize a potential concern regarding the length of some of the footnotes. Because failing to meet the

dispositive motion deadlines altogether would have been fatal to Plaintiff's case, local counsel prioritized speed over accuracy to attempt to meet the deadlines on behalf of his client. In retrospect, he could have sought an extension to file the briefs at a later date, but such a request likely would have been opposed given the case's contentious history in which Defendants opposed extending the same briefs' page limits.

### A.   Adequate Sanction

Defendant DRBA, through its counsel, asked for the Court to address the limits of Plaintiff's answering briefs, but Defendants City of Dover, Police Academy ("Defendant Academy") and Willie Johnson ("Defendant Johnson") did not contest the length or format of Plaintiff's brief filed against it. Also, no defendant moved to strike either brief, sought any monetary penalty, nor expressly requested any other specific sanction against Plaintiff's counsel. Furthermore, through compliant briefing, Defendant DRBA and Defendant Johnson ultimately obtained summary judgment in their favor on all counts raised against them (D.I. 65). In essence, each of the two (2) answering briefs filed against Defendants DRBA (D.I. 55), and Johnson (D.I. 56), respectively had the same effect of a brief stricken from the record.

Furthermore, the Court ruled in favor of the Defendant Academy on all claims raised against it that it argued against in its briefs. The Court only denied it summary judgment with respect to Plaintiff's claims for hostile work environment and "intentional abuse." It did so not because of the impermissible length of Plaintiff's briefs. Rather, it did so because the Academy made no reference to Plaintiff's hostile work environment claims or claim of "intentional abuse." Thus, the Academy "forfeited" any argument as to these claims (D.I. 63 at 19, ¶ 1). So, in effect, no Defendant was prejudiced by Plaintiff's defective briefs.

Plaintiff's local counsel never has been sanctioned by a Court in over twenty-five (25) years of practicing law including over twenty-three (23) years as a Delaware attorney. Undersigned counsel is truly remorseful that he did not catch and correct the defects noted by Defendant DRBA and questioned by the Court. Again, he prioritized speed over accuracy in order to attempt to meet the deadlines on behalf of his client. He will not make that mistake again. If the Court determines that this explanation is not adequate, Plaintiff's local counsel suggests that the Court's public filing admonishing him for the lack of compliance and requiring that he submit the instant explanation, and the embarrassment associated with the same, is a sufficient, humbling, and indelible punishment. A hard lesson has been learned by counsel.

Respectfully Submitted,

| | |
|---|---|
| **KARPF, KARPF, & CERUTTI, P.C.** | **LAROSA & ASSOCIATES LLC** |
| */s/ Timothy S. Seiler* | */s/ John M. LaRosa* |
| Timothy S. Seiler, Esq. | John M. LaRosa, Esq. |
| 8 Interplex Drive | Delaware Bar ID No. 4275 |
| Suite 210 | 1225 King Street, Suite 802 |
| Feasterville-Trevose, PA 19053 | Wilmington, DE 19801-3246 |
| (215) 639-0801 | (302) 888-1290 |
| *Admitted Pro Hac Vice* | JLR@LaRosaLaw.com |
| | *Attorneys for Plaintiff* |